IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,313-01






EX PARTE OSWALDO REGALADO SORIANO








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 82-88-C IN THE 251ST JUDICIAL DISTRICT COURT


OF RANDALL COUNTY






 Per curiam. 



O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071.

 A jury convicted applicant of capital murder. The jury answered the special issues
submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and on May 4,
1994, the convicting court sentenced applicant to death. This Court affirmed applicant's
conviction and sentence on direct appeal. Soriano v. State, No. AP-71, 914 (Tex. Crim.
App., Sept. 18, 1996) (not designated for publication).

 Applicant presents six allegations in his application in which he challenges the
validity of his conviction and resulting sentence. An evidentiary hearing was held, and
the convicting court entered findings of fact and conclusions of law. In supplemental
findings of fact and conclusions of law, the convicting court noted that the Governor had
commuted applicant's sentence to life based on the fact that he was seventeen when he
committed the instant crime. Thus, the convicting court suggested that the trial court's
findings of fact and conclusions of law addressing the merits of applicant's allegations
concerning punishment might have been rendered moot. However, it recommended that
the application be denied in its entirety.

 This Court has reviewed the record with respect to the allegations made by
applicant. Concerning applicant's first ground for relief, because the trial court's findings
of fact and conclusions of law were made before recent developments that have clarified
our understanding of the applicable law, we do not rely on them. Based upon our
independent review of the record, applicant's first allegation is denied. And because the
remainder of applicant's claims challenge the punishment proceeding, they are dismissed
as moot.

 IT IS SO ORDERED THIS THE 29TH DAY OF OCTOBER, 2008.


Do Not Publish